977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert C. DOWNER, Civil Engineer, Land Surveyor, Plaintiff-Appellant,
v.
Donald HODEL, Secretary, U.S. Department of Interior; Board
of Land Appeals; Office of Hearings and Appeals;
Manual Lujan, Defendants-Appellees.
 No. 91-15372.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 14, 1992.
Decided Sept. 29, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal requires us to decide if Robert Downer had standing to challenge Interior Board of Land Appeals ("IBLA") decisions that affirmed an independent resurvey conducted by the Bureau of Land Management ("BLM") to settle a discrepancy between a survey performed by Downer and another private survey. Downer claims that the survey accepted by the IBLA was not supported by evidence showing that the survey was consistent with the original survey of the property; that after the hearing, the IBLA changed the standard of review of the accuracy of a survey from "beyond a reasonable doubt" to "substantial evidence;" and that the IBLA accepted additional evidence from the BLM after the hearing and modified the judgment without allowing Downer to submit additional evidence.
 
 
 3
 The district court concluded that Downer lacked standing because he did not fall within the zone of interest of the statute authorizing resurveys. The court's jurisdiction was based on 28 U.S.C. § 1331. We have jurisdiction over Downer's timely appeal pursuant to 28 U.S.C. § 1291.
 
 
 4
 In 1965, Robert Downer surveyed land owned by Stoddard Jacobsen, adjoined on the north by land held in trust by the United States for Indians. Downer obtained copies of the original 1881 plat and field notes from the BLM Records Office in Reno, Nevada. In his reconnaisance survey to locate section corners along the north line of section 9, he was unable to locate any authentic corners. Rock piles that were reported by BLM to be the northwest corner and the north quarter corner of the section were determined by Downer to be spurious. See Stoddard Jacobsen & Robert C. Downer v. Bureau of Land Management, 85 IBLA 335, 339-40 (1985). Each was over 200 feet south of the one-mile distance north of the south section line recorded in the plat and in the notes.
 
 
 5
 The Government leased the trust land to a mining company, which hired AER, Inc., a private surveying company, to survey the trust land in 1981. The AER survey adopted the rock piles as markers and placed the boundary between Sections 4 and 9 of Township 11 North, Range 21 East, Mount Diablo Meridian, Nevada, about 200 feet south of Downer's survey line. Jacobsen had sold some of the property in the 3/4-mile long, 200-foot wide strip of approximately 20 acres to third parties. Because of the discrepancy, BLM resurveyed the property in 1982.
 
 
 6
 BLM's resurvey substantially adopted the AER result. Jacobsen and Downer appealed, and the IBLA, finding a substantial question of fact, referred the case to an administrative law judge for a hearing. 85 IBLA 335 (1985). That judge remanded the case to the BLM for a resurvey. The IBLA affirmed the administrative law judge, and set forth standards for the resurvey, requiring the BLM to establish beyond a reasonable doubt the accuracy of its placement of the corner shared by sections 4, 5, 8, and 9. 97 IBLA 182 (1987). The BLM moved for reconsideration of the evidentiary standard. The IBLA granted the motion and held that the BLM need only provide substantial evidence to support its resurvey. 103 IBLA 83 (1988). Because substantial evidence supported the 1982 dependent resurvey's placement of the common corner, the IBLA upheld that survey and did not order another survey. Id.
 
 
 7
 A successor in interest to a landowner who had purchased land from Jacobsen sued Jacobsen and Downer in Nevada state court in 1984. Jacobsen cross-claimed against Downer, alleging that Downer had surveyed Section 9 improperly. Judgment was entered against Downer in March 1992.
 
 
 8
 In 1989, Downer filed an action pro se in federal district court against the BLM. Jacobsen did not join in the suit. The action was dismissed for failure to allege an injury in fact arising from the IBLA's decision to accept the BLM's survey rather than Downer's survey. Downer was then permitted to amend his complaint by alleging injuries that included legal expenses, mental anguish, decline of his practice, his son's nervous breakdown, and Downer's potential loss of property rights in the pending suits against him by the landowners. On September 11, 1990, the district court affirmed its original order dismissing Downer's complaint for lack of standing. The court held that Downer had alleged injury in fact by alleging injury to his business, according to Association of Data Processing Serv. Org., Inc. v. Camp, 397 U.S. 150, 152 (1970), but that his interests were not within the zone of interests protected by the Bona Fide Claims Act, 43 U.S.C. § 772 (1988). Downer retained counsel and filed a second motion for reconsideration. The court granted the motion and affirmed its September 11 order on February 5, 1991.
 
 
 9
 We review de novo the district court's holding on the question of standing. National Wildlife Fed'n v. Burford, 871 F.2d 849, 851 (9th Cir.1989). The Article III case or controversy requirement necessitates a showing of actual or threatened injury that is traceable to the defendant's allegedly illegal conduct and is likely to be redressed by the requested relief. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982); National Wildlife, 871 F.2d at 852. Downer satisfies the Article III requirements for standing; however, in addition to the Article III requirements, Downer must also satisfy statutory requirements for standing. We hold that Downer lacks standing because he fails to satisfy the statutory standing requirement.
 
 
 10
 Generally, substantive statutes are presumed to allow for review of agency action pursuant to the Administrative Procedure Act ("APA"). Benally v. Hodel, 940 F.2d 1194, 1198 (9th Cir.1991) (citations omitted). The APA grants standing to a person who suffers "legal wrong because of agency action, or [is] adversely affected or aggrieved by agency action within the meaning of a relevant statute." See 5 U.S.C. § 702. To have standing under section 702, the interest sought to be protected by the complainant must arguably be within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. Data Processing, 397 U.S. at 153.
 
 
 11
 The presumption in favor of judicial review is "overcome whenever the congressional intent to preclude judicial review is 'fairly discernible in the statutory scheme.' " Clarke v. Securities Indus. Ass'n, 479 U.S. 388, 399 (1987) (citation omitted). The question is "whether the plaintiff's interests more than marginally relate to the purpose implicit in the statute at issue." National Wildlife, 871 F.2d at 852. The purpose of the statute may be ascertained by looking to the act as a whole. Id. The test is not especially demanding; "there need be no indication of congressional purpose to benefit the would-be plaintiff." Clarke, 479 U.S. at 399-400.
 
 
 12
 Section 772 of the Bona Fide Claims Act provides for resurveys of public lands when the Secretary of the Interior:
 
 
 13
 deem[s] [them] essential to properly mark the boundaries of the public lands remaining undisposed of: Provided, That no such resurvey or retracement shall be so executed as to impair the bona fide rights or claims of any claimant, entryman, or owner of lands affected by such resurvey or retracement.
 
 
 14
 43 U.S.C. § 772 (emphasis in original). The purpose of section 772 is to provide for remarking the boundaries of public lands when necessary because an original survey was poorly executed, carelessly monumented, or where original markings and corners were obliterated, with the ultimate purpose of facilitating disposal of those lands. S.Rep. No. 1015, 60th Cong., 2d Sess. 2 (1909). The House report on section 772, adopted by the Senate Committee on Public Lands, explained that legislation was necessary because of the "constant demand" for resurveys, which the Secretary of the Interior had no power to conduct without specific authorization by Congress for each particular resurvey. S.Rep. No. 1015, 60th Cong., 2d Sess. 2 (1909) (adopting the Report of the House Public Lands Committee). Section 772 was designed "to obviate the necessity of legislation of [that] character." Id. Downer contends that the purpose of the legislation is to mark properly the boundaries of undisposed public lands, and thus that "claimant" includes surveyors. The Government contends that the Act protects only those who have a property interest in the land itself.
 
 
 15
 Downer relies upon Metropolitan Water Dist. v. United States, 628 F.Supp. 1018 (S.D.Cal.1986), remanded, 830 F.2d 139 (9th Cir.1987), aff'd, 490 U.S. 920 (1989), for the proposition that parties other than land owners have been granted standing to sue under 43 U.S.C. § 772. The claimant in that case, however, was the holder of a property interest in the form of water rights affected by the survey. Id. at 1023.
 
 
 16
 In Inter-Tribal Council v. Hodel, 856 F.2d 1344 (9th Cir.1988), cert. denied, 493 U.S. 814 (1989), an association of Indian tribes lacked standing to challenge a violation of a statute protecting beneficial owners of trust lands, even though statutes benefitting Indians are construed liberally in their favor. 856 F.2d at 1350. The association also lacked standing to challenge the Secretary's violation of the APA by his failure to comply with BIA Manual provisions, because the interest of the association was not within the zone of interest of the statutes in question. The relationship of Downer to the resurvey statute is similar to that of the tribal association to the statute at issue in Inter-Tribal Council.
 
 
 17
 In Air Courier Conf. of America v. American Postal Workers Union, AFL-CIO, 111 S.Ct. 913 (1991), postal workers alleged injury when the Postal Service suspended restrictions under the Private Express Statutes which prevent private competitors from offering service on low cost routes and leaving the Postal Service with high cost routes. 111 S.Ct. at 915. The workers claimed that the increased competition might have an adverse effect on their employment opportunities. Id. at 918. The Court construed narrowly the zone of interest of the statutes, holding that the purpose of the Act was to protect postal revenues and ensure equal postal service, not to protect employment. Id. at 919-21.
 
 
 18
 We conclude that Downer's interest is not within the zone of interests protected by the Bona Fide Claims Act. The statute was enacted to grant the Secretary the authority to conduct resurveys without requiring authorization by Congress for each resurvey. The only rights specifically protected are those of parties with interests in the property. Therefore, even though Downer satisfies the Article III standing requirements, he nonetheless lacks standing because he has failed to meet the statutory requirement.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3